UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:19CV-P40-JHM

DAMIEN ARRON GOLIKE                                                    PLAINTIFF

v.

WILLIAM BRADEN *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Damien Arron Golike filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review of the complaint, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff, a pretrial detainee at the Hopkins County Jail, sues the following Defendants: William Braden, a Kentucky state trooper; Chris Evitts, a City of Clay police officer; and Donald Jones, a Webster County deputy sheriff. He sues Defendants in their individual and official capacities.

Plaintiff states, "My right to be free from assault was violated by trooper William Braden, Chris Evitts, and Donald Jones on or around April 26th 2017, by allowing me to be assaulted while in the backseat of Deputy Sheriff Donald Jones' SUV handcuffed." He reports that he and another individual, Alex Harvey, were both handcuffed in the backseat of separate police vehicles. He states that Defendants Braden and Evitts "left Mr. Harvey unattended in the police cruiser while it was running with the security divider window open allowing Mr. Harvey to get into the driver seat of the police cruiser." He continues, "Mr. Harvey was able to use Chris

Evitts police cruiser to ram Donald Jones' SUV in which I was handcuffed in the backseat of." Plaintiff states that Defendant Jones did not place a seatbelt on him "acting neglegently in his duty of care." He maintains, "As a result of the vehical being rammed, my body was tossed toward the floorboard causing injury to my neck, back, and shoulder."

Plaintiff further asserts that his "right to adequet medical care was also violated by denying me medical attention after the incident in which a vehical was involved. I was taken to the jail where I also requested to be seen by medical and was told there was no nurse on shift."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

The Court construes the complaint as alleging claims under § 1983 for failure to protect in violation of the Fourth Amendment and denial of medical treatment in violation of the Fourth Amendment or Fourteenth Amendment,[1] as well as state-law negligence claims. The incident occurred on April 26, 2017. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009)

---

[1] The Sixth Circuit has not resolved whether the Fourth Amendment's objective reasonableness standard or the more onerous Fourteenth Amendment deliberate-indifference standard governs claims for failure to provide medical care prior to a probable cause determination. *Esch v. Cty. of Kent*, 699 F. App'x 509, 515 (6th Cir. 2017) (citing *Boone v. Spurgess*, 385 F.3d 923, 934 (6th Cir. 2004)).

(quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when a § 1983 cause of action accrues, a district court must examine what event(s) should have alerted the typical individual to protect his or her rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

In the case at bar, the one-year statute of limitations on Plaintiff's claims accrued on April 26, 2017, the date of the alleged incident. The limitations period, therefore, expired one year later on April 26, 2018. Because the complaint was not filed until April 3, 2019,[2] more than eleven months after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's claims of failure to protect, denial of medical treatment, and negligence are untimely and must be dismissed as frivolous.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: August 5, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). According to the complaint, the complaint was delivered to the prison mail system on April 3, 2019, and is therefore considered filed on that date.

5